IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| LEANN McNIEL, *et al.*, § <br> Plaintiffs, § <br> § <br> v. § <br> § <br> THE TARGET CORPORATION, *et al.*, § <br> Defendants. § | CIVIL ACTION NO. H-09-2463 |

## **MEMORANDUM AND ORDER**

This personal injury case is before the Court on the Motion to Reconsider Defendant's Motion for Partial Summary Judgment Pursuant to the Statute of Limitations ("Motion") [Doc. # 68] filed by Defendant The Target Corporation ("Target"), to which Plaintiffs filed a Response [Doc. # 71], and Target filed a Reply [Doc. # 74]. Target previously moved for summary judgment on Plaintiff Shannon McNiel's loss of consortium claim as time-barred. *See* Motion for Partial Summary Judgment [Doc. # 24]. In support of their Response in opposition to summary judgment [Doc. # 37], Plaintiffs submitted the Affidavit of Shannon McNiel. In the affidavit, Mr. McNiel stated that he did not begin to notice a change in his relationship with Leann McNiel or in her ability to perform household services until approximately a year after the accident in which Mrs. McNiel was injured at Target. *See* Affidavit

of Shannon McNiel, Exh. A to Response [Doc. # 37], ¶¶ 4, 5. The Honorable David Hittner denied Target's Motion for Partial Summary Judgment, apparently based on Mr. McNiel's statements in his Affidavit. *See* Order [Doc. # 40]. Mr. McNiel has now been deposed and, based on his sworn testimony during his deposition, Target filed the current Motion to reurge its prior request for summary judgment on Mr. McNiel's loss of consortium claim.[1] Having reviewed the record and applied governing legal authorities, the Court **grants** the Motion.

## I.     BACKGROUND

Plaintiff Leann McNiel filed this lawsuit in Texas state court on June 26, 2009. In the lawsuit, in which she was the only plaintiff, Mrs. McNiel alleged that on July 16, 2007, she was shopping a Target store when she "slipped and violently fell in a puddle of clear liquid, approximately 3 feet wide, which had accumulated on the floor near the check out counter, causing severe personal injury to her." *See* Original Petition [Doc. # 1-3], ¶ 9. Target filed a timely Notice of Removal, removing the lawsuit to this Court.

---

[1]     Target does not cite to the legal basis for reconsideration, but the Court finds that reconsideration is appropriate on the basis of "newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under rule 59(b)." *See* Fed. R. Civ. P. 60(b)(2).

On December 15, 2009, Mrs. McNiel filed a First Amended Complaint [Doc. # 20], adding her husband, Shannon McNiel, as a Plaintiff and adding Coca-Cola Enterprises, Inc., as a Defendant. Mr. McNiel asserted a claim for loss of consortium and loss of household services (collectively, "loss of consortium").

After Target's Motion for Partial Summary Judgment was denied based, apparently, on Mr. McNiel's Affidavit attached as an exhibit to Plaintiffs' response to that motion, Target deposed Mr. McNiel on April 20, 2010. During his deposition, Mr. McNiel gave sworn testimony – contrary to his Affidavit – that his current sexual intimacy with his wife and his wife's current ability to perform her household services were the same as they had been since the day after the incident at Target. Based on the deposition testimony, Target now seeks reconsideration of its prior request for summary judgment on Mr. McNiel's loss of consortium claim. The Motion has been fully briefed, and the summary judgment request is ripe for decision.

## II. STANDARD FOR SUMMARY JUDGMENT

Rule 56 of the Federal Rules of Civil Procedure mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing of the existence of an element essential to the party's case, and on which that party will bear the burden at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th

Cir. 1994) (*en banc*); *see also Baton Rouge Oil and Chem. Workers Union v. ExxonMobil Corp.,* 289 F.3d 373, 375 (5th Cir. 2002). Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); *Celotex*, 477 U.S. at 322–23; *Weaver v. CCA Indus., Inc.*, 529 F.3d 335, 339 (5th Cir. 2008).

For summary judgment, the initial burden falls on the movant to identify areas essential to the non-movant's claim in which there is an "absence of a genuine issue of material fact." *Lincoln Gen. Ins. Co. v. Reyna*, 401 F.3d 347, 349 (5th Cir. 2005). The moving party, however, need not negate the elements of the non-movant's case. *See Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005). The moving party may meet its burden by pointing out "'the absence of evidence supporting the nonmoving party's case.'" *Duffy v. Leading Edge Prods., Inc.*, 44 F.3d 308, 312 (5th Cir. 1995) (quoting *Skotak v. Tenneco Resins, Inc.,* 953 F.2d 909, 913 (5th Cir. 1992)).

If the moving party meets its initial burden, the non-movant must go beyond the pleadings and designate specific facts showing that there is a genuine issue of material fact for trial. *Littlefield v. Forney Indep. Sch. Dist.*, 268 F.3d 275, 282 (5th Cir. 2001) (internal citation omitted). "An issue is material if its resolution could affect the

outcome of the action.  A dispute as to a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *DIRECT TV Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2006) (internal citations omitted).

In deciding whether a genuine and material fact issue has been created, the court reviews the facts and inferences to be drawn from them in the light most favorable to the nonmoving party.  *Reaves Brokerage Co. v. Sunbelt Fruit & Vegetable Co.*, 336 F.3d 410, 412 (5th Cir. 2003).  A genuine issue of material fact exists when the evidence is such that a reasonable jury could return a verdict for the non-movant.  *Tamez v. Manthey*, 589 F.3d 764, 769 (5th Cir. 2009) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).  The non-movant's burden is not met by mere reliance on the allegations or denials in the non-movant's pleadings. *See Diamond Offshore Co. v. A&B Builders, Inc.*, 302 F.3d 531, 545 n.13 (5th Cir. 2002). Likewise, "conclusory allegations" or "unsubstantiated assertions" do not meet the non-movant's burden.  *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 399 (5th Cir. 2008).  Instead, the nonmoving party must present specific facts which show "the existence of a genuine issue concerning every essential component of its case."  *Am. Eagle Airlines, Inc. v. Air Line Pilots Ass'n, Int'l*, 343 F.3d 401, 405 (5th Cir. 2003) (citation and internal quotation marks omitted).  In the absence of any proof, the court will not assume that the non-movant could or would

prove the necessary facts. *Little*, 37 F.3d at 1075 (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990)).

Affidavits cannot preclude summary judgment unless they contain competent and otherwise admissible evidence. *See* FED. R. CIV. P. 56(e); *Love v. Nat'l Med. Enters.*, 230 F.3d 765, 776 (5th Cir. 2000); *Hunter-Reed v. City of Houston*, 244 F. Supp. 2d 733, 745 (S.D. Tex. 2003). A party's self-serving and unsupported statement in an affidavit will not defeat summary judgment where the evidence in the record is to the contrary. *See In re Hinsely*, 201 F.3d 638, 643 (5th Cir. 2000). Similarly, a party may not defeat a motion for summary judgment "using an affidavit that impeaches, without explanation, sworn testimony." *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 495 (5th Cir. 1996)); *accord Copeland v. Wasserstein, Perella & Co., Inc.*, 278 F.3d 472, 482 (5th Cir. 2002).

### III.  ANALYSIS

#### A.  Loss of Consortium as a Derivative Claim

Texas law recognizes a cause of action for the loss of spousal and parental consortium. *See Reagan v. Vaughn,* 804 S.W.2d 463, 466 (Tex. 1990), *clarified on reh'g,* 804 S.W.2d at 467 (1991); *Whittlesey v. Miller,* 572 S.W.2d 665, 667 (Tex. 1978); *Upjohn C. v. Freeman*, 885 S.W.2d 538, 541 (Tex. App. – Dallas 1994, *pet. denied*). However, claims for spousal and parental consortium are derivative and, as

a result, the defenses which bar all or part of the injured party's recovery have the same effect on the party asserting the loss of consortium claim. *See Upjohn*, 885 S.W.2d at 541. A cause of action for loss of consortium, therefore, is "extinguished by the expiration of the statute of limitations on the injured family member's personal-injury claim." *Id.* (citing *Reagan,* 804 S.W.2d at 466; *Work v. Duval,* 809 S.W.2d 351, 354 (Tex. App.– Houston [14th Dist.] 1991, *no writ*)); *see also Nash v. Selinko*, 14 S.W.3d 315, 318 (Tex. App – Houston [14th Dist.] 1999, *pet. denied*) (holding that the running of the statute of limitations on the injured party's claim is a valid defense against claim for loss of consortium "in light of the fact that the *Reagan* court chose the [injured party's] statute of limitations, rather than a separate limitations period" for the party asserting a loss of consortium).

The parties agree that the applicable statute of limitations for Mrs. McNiel in this personal-injury case is two years. *See* TEX. CIV. PRAC. & REM. CODE § 16.003(a). Mrs. McNiel was injured at Target on July 16, 2007. Therefore, Mr. McNiel was required to assert his claim for loss of consortium by July 16, 2009, two years after the date that his wife's cause of action accrued. He did not assert his claim until the First Amended Complaint was filed on December 15, 2009. As a result, his claim was not filed until after it had been "extinguished" by the expiration of the statute of limitations on his wife's claim on July 16, 2009.

## B.     Loss of Consortium as Independent Claim

Even if Texas law provided for Mr. McNiel's loss of consortium claim to have an independent statute of limitations apart from that of his wife's personal injury claim, his claim is time-barred.  Mr. McNiel testified in his deposition that his wife exhibited the same inability to engage in intimate marital relations and to perform household responsibilities the day after the incident in July 2007 as she was exhibiting at the time of the deposition in 2010.  Consequently, Mr. McNiel's loss of consortium claim would accrue – even if entitled to a separate, independent statute of limitations – in July 2007, well more than two years before the claim was filed in December 2009.

Mr. McNiel argues that he did not discover his wife's reduced interest in intimate marital relations and reduced ability to perform household services until approximately one year after the injury in July 2007.  This argument is based on the affidavit submitted in connection with the original Motion for Partial Summary Judgment and on the errata sheet prepared following his deposition testimony. The Court, in an oral ruling at a pretrial conference on August 12, 2010, struck the errata sheet for reasons stated on the record.  *See* Doc. # 76.  Even if the Court were to consider Mr. McNiel's statements that he did not subjectively notice his wife's

limitations until a year after her injury, the discovery rule would not apply to save the loss of consortium claim.

If Mr. McNiel's claim were independent, rather than derivative, and if Mr. McNiel were entitled to rely on a separate statute of limitations, his cause of action would accrue "when facts come into existence which give a claimant the right to seek a remedy in the courts." *Howard v. Fiesta Texas Show Park, Inc.*, 980 S.W.2d 716, 719 (Tex. App. – San Antonio 1998, *review denied*) (citing *Robinson v. Weaver,* 550 S.W.2d 18, 19 (Tex. 1977)); "The right to seek a remedy arises when a wrongful act causes some legal injury, even if the injury is not discovered until later, and even if all resulting damages have not yet occurred." *Howard*, 980 S.W.2d at 719 (citing *S.V. v. R.V.,* 933 S.W.2d 1, 4 (Tex. 1996)). Because Mr. McNiel testified under oath that his wife exhibited the complained-of difficulties in July 2007, his cause of action for loss of consortium accrued at that time.

The discovery rule delays accrual of a cause of action until a plaintiff "knows or through the exercise of reasonable care and diligence 'should have known of the wrongful act and resulting injury.'" *Howard*, 980 S.W.2d at 719-20 (quoting *S.V.,* 933 S.W.2d at 4). For the discovery rule to apply, however, "the injury [must] be inherently undiscoverable and evidence of the injury [must] be objectively verifiable." *Howard*, 980 S.W.2d at 720 (citing *Computer Assocs. Int'l, Inc. v. Altai, Inc.,* 918

S.W.2d 453, 456 (Tex. 1996)). An injury is "inherently undiscoverable" only if it is unlikely to be discovered through the exercise of due diligence within the limitations period. *Id.* An injury is not "inherently undiscoverable" merely because a particular plaintiff failed to discover the injury within the statute of limitations. *Id.*

In this case, Mr. McNiel's injury was not "inherently undiscoverable." A spouse's inability to participate in marital relations or to perform household services is not by its nature unlikely to be discovered through the exercise of due diligence within a two-year statute of limitations. Indeed, in this case, Mr. McNiel testified under oath that his wife exhibited the complained-of inability to perform immediately following the incident at Target. Mr. McNiel offers no explanation for why those inabilities were "inherently undiscoverable" such that he could not file his loss of consortium claim within two years from when they were first exhibited. He knew or, through the exercise of due diligence, should have known of his loss of consortium injury when his wife began to exhibit an inability to perform as she had before her injury. As a result, the discovery rule does not apply to delay accrual of Mr. McNiel's loss of consortium claim.

### C. <u>Summary</u>

The cause of action for loss of consortium accrued on July 16, 2007, if based on the accrual of Mrs. McNiel's personal injury claim. The loss of consortium claim

was "extinguished" upon the expiration of the two-year statute of limitations for Mrs. McNiel's claim.

If the Court were to apply an independent statute of limitations for Mr. McNiel's derivative loss of consortium claim, it accrued no later than July 17, 2007. The discovery rule does not apply to delay accrual of any independent statute of limitations Mr. McNiel may have for his loss of consortium claim.

Whether analyzed as a derivative claim which was extinguished when the statute of limitations for Mrs. McNiel's personal injury claim expired, or as an independent claim with its own statute of limitations, the loss of consortium claim is barred by the two-year statute of limitations. Target is entitled to summary judgment on Mr. McNiel's loss of consortium claim.

## IV. CONCLUSION AND ORDER

Plaintiff Shannon McNiel failed to file his claim for loss of consortium within the applicable statute of limitations and, as a result, his claim is time-barred. It is hereby

**ORDERED** that Defendant Target Corporation's Motion to Reconsider [Doc. # 68] is **GRANTED**. Summary judgment is entered in Defendant's favor on Shannon McNiel's loss of consortium claim, which is **DISMISSED WITH PREJUDICE**.

SIGNED at Houston, Texas, this **19th** day of **August, 2010**.

P:\ORDERS\11-2009\2463MSJ.wpd   100819.1439

11

Nancy F. Atlas
United States District Judge