IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LEANN McNIEL, *et al.*, | § | |
|     Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-09-2463 |
| | § | |
| THE TARGET CORPORATION, *et al.*, | § | |
|     Defendants. | § | |

## MEMORANDUM AND ORDER

This personal injury case is before the Court on the Motion for Leave to File Fourth Amended Answer ("Motion to Amend") [Doc. # 79], in which Target Corporation ("Target") seeks to file a Fourth Amended Answer asserting judicial estoppel as an affirmative defense. Plaintiff LeAnn McNiel filed a Response[1] [Doc. # 83], and Target filed a Reply [Doc. # 84]. Having reviewed the record and applied governing legal authorities, the Court **denies** the Motion to Amend.

## I.    BACKGROUND

Plaintiff LeAnn McNiel filed this lawsuit in Texas state court on June 26, 2009. In the lawsuit, Mrs. McNiel alleged that on July 16, 2007, she was shopping in a Target store when she "slipped and violently fell in a puddle of clear liquid,

---

[1] The Response was filed on behalf of both LeAnn McNiel and her husband, Shannon McNiel. Mr. McNiel's claims, however, were dismissed as time-barred in a Memorandum and Order [Doc. # 77] entered August 19, 2010.

approximately 3 feet wide, which had accumulated on the floor near the check out counter, causing severe personal injury to her." *See* Original Petition [Doc. # 1-3], ¶ 9. Target filed a timely Notice of Removal, removing the lawsuit to this Court.

By Order [Doc. # 17] entered December 2, 2009, the Court established February 1, 2010, as the deadline for amendments to pleadings. On December 15, 2009, Plaintiff filed a First Amended Complaint [Doc. # 20]. On January 15, 2010, Target filed an Amended Answer [Doc. # 26]. On January 26, 2010, Target filed a Second Amended Answer [Doc. # 31]. By Order [Doc. # 36] entered February 2, 2010, the Court extended the amendments deadline to May 3, 2010. On May 24, 2010, Target filed a Third Amended Answer [Doc. # 53]. By Order [Doc. # 50], entered April 29, 2010, the Court modified several deadlines governing this case, but again imposed the same May 3, 2010, as the deadline for amendments to pleadings. Target now seeks leave to file a Fourth Amended Answer asserting judicial estoppel as a new affirmative defense. The pending Motion to Amend was not filed until August 31, 2010, well after the expiration of the amendments deadline. The Motion to Amend has been fully briefed and is ripe for decision.

## II.   **STANDARD FOR MOTION TO AMEND AFTER DEADLINE**

Where a scheduling order has been entered establishing a deadline for amendments to pleadings, Federal Rule of Civil Procedure 16(b) provides the standard

for requests to amend after a scheduling order's deadline has expired. *Marathon Financial Ins., Inc. v Ford Motor Co.*, 591 F.3d 458, 470 (5th Cir. 2009); *Fahim v. Marriott Hotel Servs., Inc.*, 551 F.3d 344, 348 (5th Cir. 2008). "Rule 16(b) provides that once a scheduling order has been entered, it 'may be modified only for good cause and with the judge's consent.'" *Marathon*, 591 F.3d at 470 (quoting FED. R. CIV. P. 16(b). Rule 16(b) requires a party "to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *Id.* (quoting *S&W Enters., LLC v. Southtrust Bank of Ala., NA,* 315 F.3d 533, 535 (5th Cir. 2003)). To determine whether the moving party has established good cause, the Court considers the following four factors: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *Id.* (quoting *Sw. Bell Tel. Co. v. City of El Paso,* 346 F.3d 541, 546 (5th Cir. 2003)).

### III.   ANALYSIS

#### A.   Explanation for Failure to Amend By Deadline

In the Reply to its Motion to Amend, Target notes that Plaintiffs did not disclose their bankruptcy case in discovery responses, stating instead that they had never been involved in any other lawsuit. It was not until Mr. McNiel repeatedly

provided conflicting sworn statements regarding when he allegedly became aware of his loss of consortium claim that Target recognized the need to verify independently Plaintiffs' discovery responses. It was not until then, after the May 3, 2010 amendments deadline, that Target discovered Plaintiffs' bankruptcy case. The Court finds that Target has offered a valid explanation for its failure to discover the existence of the bankruptcy case and move to amend until after the deadline.

### B. Importance of the Amendment

The judicial estoppel affirmative defense is not important because it is unlikely to apply in this case. Judicial estoppel is an equitable doctrine that "prevents a party from asserting a position in a legal proceeding that is contrary to a position previously taken in the same or some earlier proceeding." *Hopkins v. Cornerstone Am.*, 545 F.3d 338, 347 (5th Cir. 2008) (quotation omitted). The purpose of judicial estoppel is to "protect the essential integrity of the judicial process by reducing the risk of inconsistent court determinations." *Id.* (internal quotations omitted). Courts generally identify two limitations on the application of judicial estoppel: (1) the position of the party to be estopped must be clearly inconsistent with a prior position, and (2) the Court must have accepted the prior position. *Id.*; *see also Ahrens v. Perot Sys. Corp.*, 205 F.3d 831, 833 (5th Cir. 2000). Judicial acceptance means that the prior court actually accepted 'the party's earlier position, either as a preliminary matter or as part

of a final disposition. *In re Superior Crewboats, Inc.*, 374 F.3d 330, 335 (5th Cir. 2004); *see also New Hampshire v. Maine*, 532 U.S. 742, 750-51 (2001); *Hopkins*, 545 F.3d at 348 n.2. Application of judicial estoppel rests in the Court's discretion. *See Ahrens*, 205 F.3d at 833.

In this case, Plaintiff and her husband filed a Chapter 7 voluntary petition in bankruptcy in April 2006. *See* United States Bankruptcy Court for the Southern District of Texas Case No. 06-31464. In August 2006, Plaintiff and her husband converted their bankruptcy case from Chapter 7 to Chapter 13. Plaintiff filed amended schedules on November 17, 2006, and again on January 30, 2007. Plaintiff alleges that she fell at Target in July 2007. Although it is undisputed that Plaintiff did not amend the statement of assets to include this personal injury claim, it appears that Plaintiff has not affirmatively filed anything in the bankruptcy case since her injury in July 2007. Consequently, she has not made an affirmative statement in the bankruptcy case that is inconsistent with filing this lawsuit. Moreover, there is nothing to indicate that the Bankruptcy Court or this Court has taken any action to accept Plaintiff's failure to disclose this lawsuit in her bankruptcy proceeding. Target has not established the two elements necessary for the application of judicial estoppel and, therefore, the proposed amendment has little importance.[2]

---

[2] The Court is not permitting the amendment to assert judicial estoppel as an affirmative defense. The Court notes, however, that the factual basis for the Motion

## C. Potential Prejudice and Availability of a Continuance

There will be little prejudice to Plaintiff if the amendment is allowed because, as noted in the prior section, it is unlikely that judicial estoppel applies in this case. Additionally, any discovery required by the assertion of the new affirmative defense should be minimal. Although the Court could again extend the current October 1, 2010 discovery deadline if necessary, the Court has "broad discretion to preserve the integrity and purpose of the pretrial order." *S&W Enters. v. SouthTrust Bank*, 315 F.3d 533, 535 (5th Cir. 2003) (citations omitted). The Court in this case exercises that discretion to preserve the integrity of the current Docket Control Order and, therefore, would decline to extend the discovery deadline.

## IV. CONCLUSION AND ORDER

Target has failed to establish good cause to support filing a Fourth Amended Answer after the May 3, 2010 deadline for amendments to pleading. Consequently, it is hereby

**ORDERED** that Defendant Target Corporation's Motion for Leave to File Fourth Amended Answer [Doc. # 79] is **DENIED**.  It is further

---

    to Amend – the failure of Plaintiff and her husband to disclose this lawsuit in their bankruptcy proceeding and their false statement in discovery responses regarding prior lawsuits – is a proper subject for cross-examination of Plaintiff and her husband at trial.

**ORDERED** that LeAnn McNiel shall within three (3) business days advise the Bankruptcy Court in writing that this lawsuit was filed on June 26, 2009, and shall file a Certificate of Compliance in this case advising this Court that the Bankruptcy Court has been so notified.

SIGNED at Houston, Texas, this 15th day of **September, 2010**.

_____
Nancy F. Atlas
United States District Judge